Frank Hebner v. The Palatine Insurance Co., The Oakland Home Insurance Co. and The Sun Insurance Company.

Same v. The Sun Insurance Company.

Same v. The Oakland Home Insurance Company.

1. Insurance—*Ownership of Property—Conditions.*—A condition that if the insured is not the sole owner of the property, the policy shall be void, is reasonable and valid, and a violation of it will defeat a recovery.

2. Same—*Failure to Disclose the State of the Title.*—A failure by the applicant for insurance to disclose the true state of his title, if he is not the sole owner, will be fatal, although he was not questioned as to that matter.

3. Same—*A Half Owner May Insure the Whole.*—The owner of a one-half interest in property and in the possession and management of the same, may, under instructions from the other owners, effect insurance to its entire value upon it in his own name, and recover the total amount of loss.

4. Same—*The Insurable Interest Defined.*—It is the insurable interest which a person has in property, either because of his ownership or because of his relation to the real owners and his right to insure for their benefit, that is insured; that is, it is the loss to such interest in the property that, to the extent of the insurance, is paid by the insurer.

5. Same—*Insured Need Not be the Owner of the Property.*—It is not necessary to the existence of an insurable interest that the insured should be the owner of any part of the property. Generally the persons charged either specially, by law, custom or contract, with the duty of caring for and protecting property in behalf of others, or having a right to protect such property, though not bound thereto by law, or who will receive benefit from the continued existence of the property, whether they have or have not, any title to, estate in, lien upon, or possession of it, have an insurable interest.

Memorandum.—Action on a policy of insurance. In the Circuit Court of Cook County; the Hon. Francis Adams, Judge, presiding. Trial by the court; finding and judgment for plaintiff; appeal by plaintiff. Heard in this court at the October term, 1894, and affirmed. Opinion filed November 12, 1894.

## Statement of the Case.

Each of these cases was an action upon a policy of insurance made by one of the appellees, running to appellant and

purporting to insure him against loss or damage by fire to the propeller, City of Concord.

The policies were against loss or damage by fire and not against the perils of navigation, and were what is known as the New York standard form of fire policy.

At the time of the insurance and loss appellant was the owner of a half interest only in the boat, but he was the managing owner in possession and control, and he had been instructed by the other owners to protect their interest by insurance, and he had promised to do so.

The insurance companies had no knowledge that he was not the sole owner, until some time after the loss occurred. Each policy contained the following provision:

" This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the interest of the insured be other than unconditional and sole ownership, or if the subject of the insurance be a building on ground not owned by the insured in fee simple."

The boat while moored at a wharf took fire, to extinguish which she was pumped full of water and sunk.

Appellant notified the companies, and they, still in ignorance of the fact that he was only a part owner, raised the boat at an expense to them of over \$2,000. Proofs of loss were furnished, and the companies having learned of the extent of appellant's ownership, an appraisement of the loss was made under a stipulation that thereby appellees waived none of their rights.

The total insurance amounted to \$9,500; the total loss was appraised at \$9,857.10.

The parties being unable to agree, these actions were brought by appellant in the Circuit Court of Cook County.

By stipulation a jury was waived and the causes submitted to the court for trial, one hearing being applicable to the three causes.

In the opening of the case before the court, the attorneys for the defendants stated that the defendants were each content to pay the plaintiff, as one-half owner of the vessel, one-half the amount of the loss, less the expense of raising

the vessel and putting her in good condition, provided that the judgment of the court for that amount should not be appealed from, or any writ of error sued out on the same; but this offer was made upon the express condition that the judgment of the trial court should be final and binding upon all the parties, and that this proposition would not stand if the judgment of the court below was appealed from.

The total loss being fixed at $9,857.10, the half of which is $4,928.55, and the companies having paid for raising the boat $2,331.40, the amount which, under the offer of appellees would be paid to appellant, was $2,597.15.

The court found the issues for the plaintiff and rendered judgments against appellees, being against each for its proportionate part of the total sum of $2,601.12.

From these judgments the plaintiff prosecutes these appeals.

### Appellant's Brief, Robert Rae, Attorney.

An averment of ownership is sustained by proof of his insurable interest only.    Andes Ins. Co. v. Fish, 76 Ill. 625; Lycoming Ins. Co. v. Jackson, 83 Ill. 302; Rockford Ins. Co. v. Nelson, 65 Ill. 415.

"When insurance is obtained upon a written application, although assured may have therein agreed to be bound by the conditions of the policy, the condition requiring statement of interest, when not sole and unconditional ownership, is inoperative when assured was not questioned in regard to title, etc., in the application." O'Neil v. Ottawa Agricultural Ins. Co., 30 Up. Can. C. P., 151, and see Butler v. Standard Fire Ins. Co., 4 Tupper, 391; Gill v. Canada Ins. Co., 1 Ont. 341; Miller v. Alliance Ins. Co., 7 Fed. Rep. 649.

One getting insurance is not required to show the exact condition of his title until he is requested to do so.    Guest v. N. H. Fire Ins. Co., 9 W. Rep. 587; 33 N. W. Rep. 31; 66 Mich. 8.

A stipulation in a fire insurance policy, that it shall be void if the insured is not the sole, absolute and uncondi-

tional owner of the property, does not refer to incumbrances upon the property, but only to the character and quality of the title. Ellis v. Ins. Co. of N. A., 32 Fed. Rep. 646.

A representation that an applicant for insurance is the "owner" of premises to be insured is not false if he is the equitable owner, although he has no legal title. Wainer v. Milford Mutual Fire Ins. Co., 11 L. R. A. 598; 26 N. E. Rep. 877; 153 Mass. 335.

The interest of the insured is "unconditional and sole ownership" within the meaning of a policy providing that it shall be void unless such ownership exists, where he is in actual possession under a contract to purchase and is paid quite a sum of money on the purchase price, agreeing to pay the balance and keep the buildings insured. Bupreau v. Hibernian Ins. Co., 5 L. R. A. 671; 43 N. W. Rep. 585; 76 Mich. 615.

APPELLEES' BRIEF, BATES & HARDING, ATTORNEYS.

"The rule is well settled in reference to a fire policy like this, that if one partner or part owner of the property held in common, insure in his name only, the policy will cover his undivided interest, and no more." Graves v. Boston Marine Ins. Co., 2 Cranch 419–440; 2 Duer's Ins., Secs. 24 and 20; Finney v. Bedford Com. Ins. Co., 8 Metc. 348; Finney v. Warren Ins. Co., 1 Metc. 16; 1 Phil. on Ins., 219, Sec. 391; 1 Arnould on Ins., 146 and note.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

In May on Insurance, Sec. 287 A, the following rule is announced :

"A condition that if the insured is not the sole, entire and unconditional owner, the policy shall be void, is reasonable and valid, and violation of it will prevent recovery. And failure to disclose the real state of the title, if not sole, etc., will be fatal, although the insured was not questioned as to that fact."

It is insisted by the plaintiff that all the authorities tend-

ing to maintain the rule laid down by May, are where the clause in the policy was that if the insured is not the sole, entire and unconditional owner of the property the policy shall be void; and that as the words " of the property " are not found in the policies issued to the plaintiff, the rule is not applicable to them.

That the plaintiff had an insurable interest to the extent of the entire value of the property is not disputed.    That is, while the owner of but one-half the property, his relation to all of it was such that he could have effected insurance to its entire value upon it in his own name and recovered the total amount of loss.    May on Insurance, Sec. 76.

It is, strictly speaking, always the insurable interest which the insured has in the property, either because of his ownership or because of his relation to the real owners and his right to insure for their benefit, that is insured; that is, it is the loss to such interest in the property, that, to the extent of the insurance, is paid by the insurer.    May on Insurance, Sec. 72.

It is not necessary to the existence of an insurable interest that the insured should be the owner of any part of the property.    " Generally, persons charged either specially, by law, custom or contract, with the duty of caring for and protecting property in behalf of others, or having a right so to protect such property, though not bound thereto by law, or who will receive benefit from the continued existence of the property whether they have or have not any title to, estate in, lien upon; or possession of it, have an insurable interest."    May on Insurance, Sec. 80; Lewin, Trusts and Trustees, 383; Pope v. Western Ins Co., 19 La. 49.

Such being the nature of a mere insurable interest, to say that the language of these policies, " if the interest of the insured be other than unconditional and sole ownership," means unconditional and sole ownership of the insurable interest of the insured, and does not mean sole and unconditional ownership of the property in which the insurable interest exists, is to rob the words of all significance—to make of them a meaningless jangle.

We have not been referred to any case in which the words "unconditional and sole ownership" or "unconditional and sole owner" have been held to refer to anything other than ownership in or of the property, an interest in which is insured.

It is argued that the case against the Sun Insurance Company differs from the others. We have examined the very imperfect records and are unable to find therefrom that the policy issued by that company is materially variant from the others.

Other matters are argued, but the conclusion at which we have arrived renders a discussion of them unnecessary. The judgment of the Circuit Court will be affirmed.

MR. JUSTICE GARY. I am not satisfied with the reason for, but concur in, the result.